## In re G & A ASSOCIATES, INC., Debtor.

### Bankruptcy No. 83–714–L.

United States Bankruptcy Court, D. Massachusetts.

Oct. 29, 1986.

James M. Liston, Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for movant.

John Whitlock, Palmer & Dodge, Boston, Mass., for debtor.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

The matter before the Court is the motion of U.S. Trust/Charlesbank (the "Bank"), formerly Charlesbank Trust Company and now known as U.S. Trust/Middlesex, for relief from the automatic stay imposed by section 362(d) of the Bankruptcy Code. G & A Associates ("G & A" or the "Debtor"), a partnership comprised of two individuals, opposes the motion for relief from stay as well as a subsequent motion filed by the Bank seeking an order compelling the Debtor to sequester and impound rents under any leases, rental agreements and/or occupancy agreements for the premises known as 40 Brattle Street, Cambridge, Massachusetts (the "premises").

## FACTS

The facts are undisputed. On September 5, 1979, the general partners of G & A executed, on behalf of G & A, and in favor of the Bank, a secured personal loan note in the principal amount of $35,000. As security for the loan, G & A executed a "Conditional Assignment of Leases and Rents" (the "Assignment") with respect to two leases, commencing on November 1, 1979. Pursuant to the leases, G & A rented retail space at the 40 Brattle Street premises to two tenants for terms of less than seven years.

G & A subsequently defaulted on its obligations to the Bank. The Bank made demand upon G & A for monies owed but no payments were forthcoming. The principal balance now owed to the Bank under the terms of the note is $13,065.36.

The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 17, 1983. The Bank filed its motion for relief from stay on December 18, 1983, seeking an order: 1) enjoining the Debtor from selling, conveying, using, encumbering or disposing of rents from the premises; and 2) granting the Bank relief from stay to take all steps necessary for the enforcement of its assignment of leases and rents, or in the alternative, adequate protection.

On January 16, 1984, the Debtor filed an opposition to the Bank's motion and a memorandum in support of its opposition. In its pleadings, the Debtor asserted that the Assignment is not valid against third parties, including lien creditors and bona fide purchasers from the Debtor, because the Bank failed to record a "notice of assignment of rents or profits" in the registry of deeds for the county or district in which the land to which it relates lies, as required by M.G.L. c. 183, § 4. Accordingly, the Debtor, pursuant to 11 U.S.C. § 544(a), sought to avoid the Assignment of rents and profits.

A hearing was held on the Bank's motion for relief from stay on January 19, 1984, following which the parties submitted additional memoranda on the issue of whether G & A's assignment of leases and rents is enforceable against the debtor-in-possession and, more particularly, whether the requirement of recording an assignment of rents or profits under a lease applies to rents from all leases, or only to rents from leases of seven years or more. Subse-

quently, on August 29, 1985, the Bank filed a motion to compel the debtor to sequester rents. The Debtor filed an objection to that motion on March 3, 1986, maintaining the Bank is adequately protected and referring to a plan of reorganization that provides for full payment to the Bank if the Court determines it to be a secured creditor.

### CONCLUSIONS OF LAW

M.G.L. c. 183, § 4 provides:

A conveyance of an estate in fee simple, fee tail or for life, or a lease for a term of seven years, or an assignment of rents or profits from an estate or lease, shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it, or an office copy as provided in section thirteen of chapter thirty-six, or, with respect to such a lease or an assignment of rents or profits, as hereinafter defined, is recorded in the registry of deeds for the county or district in which the land to which it relates lies. A "notice of lease", as used in this section, shall mean an instrument in writing executed by all persons who are parties to the lease of which notice is given and shall contain the following information with reference to such lease:—the date of execution thereof and a description, in the form contained in such lease, of the premises demised, and the term of such lease, with the date of commencement of such term and all rights of extension or renewal. A "notice of assignment of rents or profits", as used in this section, shall mean an instrument in writing executed by the assignor and containing the following information:—a description of the premises, the rent or profits of which have been assigned, adequate to identify the premises, the name of assignee, and the rents and profits which have been assigned. A provision in a recorded mortgage assigning or conditionally assigning rents or profits or obligating the mortgagor to assign or conditionally assign existing or future rents or profits shall constitute a "notice of assignment of rents or profits".

The Bank argues that section 4 should be interpreted to require recording of assignments only when rents and profits are assigned and not when a lessor's entire interest in a lease is assigned. Since the Assignment was of G & A's entire interest as lessor and the two leases annexed to the Assignment at issue are for terms of less than seven years, the Bank concludes that recordation was not required. In support of its position, the Bank maintains that section 4 should be strictly construed because its provisions are in derogation of the established common law rule that the assignee of a lessor has the right to collect rents from the tenant.

The Debtor counters with the argument that the distinction between the assignment of a lessor's entire interest and the assignment of its rents alone is irrelevant for purposes of the statutory recording requirement. Relying on the plain language of section 4, the Debtor asserts that whatever interest the Bank claims as an assignee of the lessor, G & A, the interest which it seeks to assert as a secured creditor is the right to collect rents under the leases and that interest must be recorded by filing a notice of assignment of rents and profits. Moreover, the Debtor asserts that the Bank's strict construction argument is inapplicable because the 1973 amendment to section 4 merely added a recording requirement and does not alter the common law rule.

A "notice of assignment of rents and profits" under section 4 is a separate document from and requires different information than a "notice of lease." Both parties impart significance to that distinction. The Bank argues that the distinction evidences the legislative intent to create a separate recording requirement only where there is an assignment of rents and profits from an estate or lease, as opposed to where there is an assignment of the lease itself. The Debtor, on the other hand, maintains the distinction reflects the legislature's decision to balance the need for notice of all leases against the burden of requiring tenants to record short-term leases, as well as its awareness that the recordation of the assignment of rents would not unduly bur-

den lenders since, before extending credit, they routinely check title for claims against the property.

In *Commonwealth v. Gove,* 366 Mass 351, 320 N.E.2d 900 (1974), the Supreme Judicial Court stated: "Elementary rules of statutory construction require that each statute be interpreted as enacted ... When the statutory language is plain, the words must receive their 'usual and natural meaning.' Statutory language should constitute the principal source of insight into legislative purpose." *Id.* at 354, 320 N.E.2d 900 (citations omitted). In view of that well recognized rule of statutory construction, the Court is persuaded by the Debtor's reasoning. The Court finds that the language of M.G.L. c. 183, § 4 is plain. It simply does not support the Bank's interpretation that recording is required only when rents and profits alone are assigned and not when a lessor's entire interest is assigned.

In view of the foregoing and arguments of counsel, whether or not specifically mentioned herein, the Court hereby denies the Bank's motion for relief from stay and its motion to compel the Debtor to sequester rents.